Martin F. Casey (MFC-1415)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225
Attorneys for Plaintiff

------------------------------------------------------------X
MERCURY MARINE, a division of BRUNSWICK
CORP.

      Plaintiff,

  - against -

M/V STAR GEIRANGER, her tackle, boilers, engines,
etc; PANTAINER EXPRESS LINE; WESTWOOD
SHIPPING LINES; WESTFAL-LARSEN & CO. A/S
and WESTFAL-LARSEN MANAGEMENT A/S

      Defendants.
------------------------------------------------------------X

07 CV 11582

**COMPLAINT**



      Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

    2.    Plaintiff, MERCURY MARINE, a division of BRUNSWICK CORP., is a corporation duly incorporated under the laws of one of the states of the United States, with an office and place of business located at .W6250-22A Pioneer Road, Fond Du Loc, Wisconsin 54935, and was the receiver and consignee of certain cargo laden on board the M/V STAR GEIRANGER, as more fully described below.

3. Defendant, PANTAINER EXPRESS LINE (hereinafter "Pantainer") is a corporation with a place of business located c/o Panalpina, Inc., 1555 N. 105th E Avenue, Tulsa, Oklahoma 74116 and at all relevant times was and is doing business in this jurisdiction and was and is a non vessel owning common carrier of goods by water and was a common carrier for the shipment described more fully below.

4. Defendant, WESTWOOD SHIPPING LINES (hereinafter "WSL") is a corporation or other business entity, with a place of business located at 840 South 333rd Street, NP-WSL, Federal Way, Washington 98003 and at all relevant times was and is doing business in this jurisdiction and was and is a common carrier of goods by water and was a common carrier for the shipment described more fully below.

5. Defendant, WESTFAL-LARSEN & CO., A/S, (hereinafter "WL") is a foreign corporation with a place of business located at Teatergaten 35, N-5010 Bergen, Norway, and at all relevant times was and is doing business in this jurisdiction and was and is the owner, charterer, manager and/or operator of the M/V STAR GEIRANGER.

6. Defendant, WESTFAL-LARSEN MANAGEMENT A/S, (hereinafter "WLM") is a foreign corporation with a place of business located at Teatergaten 35, N-5010 Bergen, Norway, and at all relevant times was and is doing business in this jurisdiction and was the owner, charterer, manager and /or operator of the M/V STAR GEIRANGER.

7. At all material times, the M/V STAR GEIRANGER was a diesel-powered, ocean-going vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

8. At all material times, defendants were and still are engaged in the business of common carriage of merchandise by water for hire, and owned, operated, managed, chartered,

and/or otherwise controlled the M/V STAR GEIRANGER, as common carriers of merchandise by water for hire.

9.   Plaintiff was the consignee, owner and/or assured of the consignment hereinbelow described and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST PANTAINER, WSL AND M/V STAR GEIRANGER

10.   Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 9, inclusive, as if herein set forth at length.

11.   On or about December 9, 2006, a cargo consisting of cartons of boat parts, then being in good order and condition, and laden into containers TOLU 2283576, WSTU 7476519 and WSTU 7456620, were delivered to defendants Pantainer and WSL at the port of Busan, Korea for transportation to Fond Du Loc, Wisconsin via Seattle, Washington, in consideration of an agreed freight pursuant to Pantainer bills of lading nos. 834984, 834985, 834986, 834987, 834988, 834989, 834990, 834991 and 915814 dated December 9, 2006 and pursuant to WSL bills of lading nos. WWSUGN013BUS6181 through WWSUGN013BUS6188, inclusive, dated December 14, 2006.

12.   Thereafter, the aforementioned cargoes was loaded on board the M/V STAR GEIRANGER and the vessel departed for the intended port of destination.

13.   During the course of the Pacific Ocean crossing, the vessel encountered weather conditions such that seas washed across the weather deck of the vessel and causing the loss

overboard of certain containers, including, but not limited to, containers TOLU 2283576, WSTU 7476519 and WSTU 7456620.

14. The defendants Pantainer, WSL and M/V STAR GEIRANGER failed to deliver the cargoes to plaintiff at destination in the same good order and condition as when received by defendants at the port of loading. The aforementioned containers, TOLU 2283576, WSTU 7476519 and WSTU 7456620, consisting of cartons of boat parts, were lost overboard and were never recovered.

15. The damage to the aforementioned cargoes of boat parts did not result from any act or omission on the part of plaintiff or on the part of the shipper, but to the contrary, was the result in whole or in part, of the negligence and/or fault of defendants Pantainer, WSL and/or the unseaworthiness of the M/V STAR GEIRANGER.

16. By reason of the foregoing, plaintiff has sustained damages in the total amount of $500,000.00 as best as can presently be estimated, no part of which has been paid, although duly demanded.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

17. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 16, inclusive, as if herein set forth at length.

18. As the owners, disponent owners, bareboat owners, charterers, and/or managers of the M/V STAR GEIRANGER, defendants WL and WLM were responsible for properly manning, maintaining and repairing the vessel and for otherwise exercising due diligence to ensure that the vessel was seaworthy and fit to carry the cargoes that were delivered to and loaded on board the M/V STAR GEIRANGER during winter North Pacific voyages. Moreover,

the said defendants were sub-bailees of the cargoes referred to in the First Cause of Action and in any event, as the party having custody and control of the property and chattels of others, said defendants were obligated to exercise due diligence to properly care for those cargoes, a responsibility which included exercising due diligence to ensure that the M/V STAR GEIRANGER was seaworthy for the voyage to the United States.

19. The losses sustained by plaintiff were caused, in whole or in part, by the negligence and fault of defendants, and/or their agents, representatives and independent contractors for whose acts and omissions it was responsible, including, but not limited to, their failure to maintain the M/V STAR GEIRANGER in a seaworthy condition.

20. By reason of the foregoing, plaintiff has sustained damages in the total amount of $500,000.00 as best as can presently be estimated, no part of which has been paid, although duly demanded.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

21. Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 20, inclusive, as if herein set forth at length.

22. Defendants WL and WLM, as managers and owners of the M/V STAR GEIRANGER, were responsible for manning, maintaining and repairing the vessel.

23. The loss of the containers overboard, as described in the First Cause of Action, was caused in whole or in part, by the negligence and fault of the said defendants in failing to properly manage and operate the M/V STAR GEIRANGER, in failing to properly man the vessel and to train its officers and crew, and in failing to properly maintain the vessel, its hull and machinery.

24. By reason of the foregoing, plaintiff has sustained damages in the total amount of $500,000.00 as best as can presently be estimated, no part of which has been paid, although duly demanded.

**WHEREFORE**, Plaintiff prays:

1. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if Defendants cannot be found within this District, then all their property within this District be attached in the amount of $500,000.00, with interest thereon and costs, the sum sued for in this Complaint.

3. That judgment may be entered in favor of Plaintiff and against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action.

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, its engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and,

5.  That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
December 26, 2007
228-27

CASEY & BARNETT, LLC
Attorneys for Plaintiff

By: *Martin F. Casey*

Martin F. Casey (MFC-1415)
317 Madison Avenue, 21st Floor
New York, New York 10017
(212) 286-0225